IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STUART TODD GREGORY, | ) | CIVIL NO. 21-00482 SOM/KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | ORDER DENYING AS MOOT |
| vs. | ) | APPLICATION TO PROCEED IN |
| | ) | FORMA PAUPERIS |
| GOOGLE, INC.; BARACK OBAMA; | ) | |
| UNIVERSITY OF HAWAII, HILO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On December 6, 2021, Plaintiff Stuart Todd Gregory filed a Complaint as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). *See* ECF Nos. 1-2. Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.     FACTUAL BACKGROUND.**

This court has great difficulty understanding the Complaint and finds it sometimes illegible and unintelligible. *See, e.g.*, ECF No. 1, PageID # 11 ("IT IS A CONTRADICTION IF HE CAN'T HAVE WHATEVER TO HAVE AS DESIRED HAVING SOME DOCUMENT IN THE CLOUD TO EQUATE AS REIGN OF UNDERSTANDING FOR RAIN TO FALL

ABOUT THE GOOD RAIN NOT AS DEEMED A BLESSING BUT EXPOSED TO BEAR PAY FOR EXCLUSIVE CONNECTION AS THE IDEAL OF ADS OR HARVESTING TO DISCOVER MEANING PROFOUND").

It is not at all clear why Gregory has sued any of the Defendants. At best, Gregory appears to be suing Google because he thinks Google caused him to lose some unidentified possession in 2007. *See* ECF No. 1, PageID # 5.

Moreover, the relief Gregory seeks does not correlate to any alleged injury cause by any Defendant: "RELIEF FROM ANGER TO BE IMPOVERISHED BY THOSE AS HERE ON OAHU WHO TOOK SUITCASE AND PAPER MONEY AS THUS IN A FULL SCALE ATTACK TO DOMINATE." *Id.*, PageID # 6.

**III.     STANDARD.**

To proceed in forma pauperis, Gregory must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens his Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power

to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

**IV.      ANALYSIS.**

The factual allegations in the Complaint fail to assert any viable claim supported by sufficient factual allegations. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

It is not at all clear why any Defendant has been named in the Complaint. At best, Gregory appears to blame Google for Gregory's loss of something, but this court cannot glean from the allegations in the Complaint what Google might have done to cause that loss. In fact, there are no factual allegations that would put any Defendant on notice of the claim(s) against that Defendant. The Court therefore dismisses the Complaint, as it fails to allege any viable claim supported by sufficient factual allegations.

**V.      CONCLUSION.**

Gregory's Complaint is dismissed, and the IFP Application is denied as moot. **The court grants Gregory leave to file an Amended Complaint that states a viable claim no later than January 14, 2022.** Gregory may submit another IFP Application at that time. Failure to file an Amended Complaint by January 14, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Gregory if he decides to file an Amended Complaint. First, Gregory should attempt to write as legibly as possible and should avoid writing words haphazardly on pages. If this court cannot read Gregory's writing or follow his thought process, important information may be missed. If Gregory uses a court form, he may, of course,

submit additional pages in lieu of writing words all over the form in a manner that makes it difficult to understand.

Second, Gregory should state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the particular Defendant.  In other words, Gregory should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.

Finally, Gregory should articulate the relief he is seeking.  That is, if he is seeking monetary damages, he should say so clearly and identify the Defendant(s) from whom he is seeking such damages.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 15, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Gregory v. Google, Inc., et al.*, Civ. No. 21-00482 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS